IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

ALFREDO   RODRIGUEZ SANCHEZ                    CASE NO. 09-03681 BKT

VILMA LUZ DIAZ DEYNES                          Chapter 11

XXX-XX-8031

XXX-XX-8278

FILED & ENTERED ON 05/03/2010

                    Debtor(s)

## OPINION AND ORDER

This proceeding is before the Court upon Debtors' Motion for Reconsideration of the March 3, 2010 Order [Dkt. No. 154] and the United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. § 1112(b)(1) & (b)(4)(J) ("UST-MTD") [Dkt. No. 150]. For the reasons set forth below, Debtor's motion for reconsideration is DENIED and the United States Trustee's motion to dismiss is GRANTED.

**I-      FACTUAL AND PROCEDURAL BACKGROUND**

Alfredo Rodriguez Sanchez and Vilma Luz Diaz Deynes jointly filed a Chapter 11 bankruptcy petition on May 6, 2009 subject to the small business provisions of the Bankruptcy Code ("Debtors") [Dkt. No. 1]. This Court held the first status conference on August 7, 2009, whereat a deadline to file the disclosure statement and plan was set for November 2, 2009 and a confirmation hearing set pursuant to 11 U.S.C. § 1129(e), within 45 days of November 2, 2009 [Dkt. No. 53]. In

1

the meantime, a contested matter arose between Debtors and creditor Home Owners Association of Lakeside Villas ("Lakeside Villas") and a Pre-Trial Conference was held on October 16, 2009. At that hearing, this Court reiterated that this is a small business case and that if Debtors considered prudent that the deadline to file the disclosure statement and plan be extended, then the appropriate motion had to be filed [Dkt. No. 96]. Accordingly, Debtors filed a motion requesting the extension of time on October 30, 2009 [Dkt. No. 106]. In this request, Debtors acknowledged that section 1121(e)(2) mandates the filing of the disclosure statement and plan no later than 300 days from the date of the order for relief. Debtors requested that the deadline to file the disclosure statement and plan be set for March 2, 2010, the 300th day from the Order for Relief. In addition, Debtors requested that the exclusivity period also be extended to the same date.

On November 14, 2009, the Court denied the Debtors' request to extend the exclusivity period inasmuch as it failed to establish by a preponderance of evidence that the Court would more likely than not confirm a plan within a reasonable period of time. 11 U.S.C. § 1121 (e)(3)(A) [Dkt. No. 109]. Two days later, Debtors moved for reconsideration of the order, this time addressing the requirements of section 1121(e)(3)(A) of the Bankruptcy Code [Dkt. No. 110]. The Court noted that the argument to extend the exclusivity period was submitted untimely, 194 days after the Order for Relief was entered, thereby failing to comply with 11 U.S.C. §1121 (e)(3)(B) & (C).

Shortly thereafter, an Opposition to the Reconsideration was filed by creditor Lakeside Villas requesting that the Court deny the motion in light of the fact that Debtors' original motion lacked the evidentiary burden established by the Code [Dkt. No. 119]. The Court scheduled and held a hearing on this matter concluding that Debtors could file the disclosure statement and plan on or before March 2, 2010, but, in regards to the exclusivity period, the same could not be extended. At the

2

hearing, the Court once again scheduled the confirmation hearing within 45 days of March 2, 2010 [Dkt. No. 136].

On March 3, 2010, 301 days after the Order for Relief, Debtors failed to comply with the statutory deadline or extend it in accordance with the law. The Court entered the following order:

> Because of Debtors' failure to comply with the Small Business Chapter 11 requirements under 11 USC § 1121 (e)(2), no relief is available under Chapter 11. Therefore, Debtor and any other party in interest are hereby afforded fourteen (14) days to state their positions as to whether the case should be dismissed or converted to Chapter 7. The United States Trustee shall state its position within fourteen (14) days.

Two days later, Debtors filed an unsigned Disclosure Statement attaching as an exhibit a document titled Plan of Reorganization dated March 5, 2010 [Dkt. No. 141-1].

On March 24, 2010, the UST filed a Motion to Dismiss pursuant to 11 U.S.C. § 1112(b)(1) and (b)(4)(J), therein requesting dismissal of the case for Debtors' failure to comply with the filing of the Plan within the time fixed by the Bankruptcy Code and stating that dismissal rather than conversion is in the best interest of the creditors in this case [Dkt. No. 150].

The Court scheduled a hearing on the UST-MTD for April 16, 2010. On April 14, 2010, Debtors filed two motions. The first motion is titled Motion Requesting Extension of Time (30 days) pursuant to 11 U.S.C. § 1129(e) and 11 U.S.C. § 1121(e)(3)(A), (B) & (C) [Dkt. No. 153] . The second motion is a multi-matter motion titled:

> Motion for Reconsideration of the Order Entered at Docket 140, the Allowance of the Continuation of the Confirmation of the Chapter 11 Plan filed at Docket #141 and Response to the United States Trustee's Motion to dismiss Pursuant to 11 USC § 1121(b)(1) & (b)(4)(J)

Debtors allege that the Court has discretion to interpret the Bankruptcy Code's small business provisions in a permissive manner and that the statute does not state that the filing of the

3

disclosure statement and plan after the 300-day term divests the Court of the authority to give relief to the debtor by allowing the continuation of the case. In sum, Debtors requested that the Court allow the case to continue under Chapter 11, deny the UST-MTD and reschedule the confirmation hearing.

At the hearing held on this matter, the parties argued their respective positions and submitted the controversy for resolution.

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. §157(b).

**II- APPLICABLE LAW AND DISCUSSION**:

Section 1121 (e) of the Bankruptcy Code establishes the time constraints which apply to small business Chapter 11 cases. In small business cases—

(1)   Only the debtor may file a plan until after 180 days after the date of the order for relief, unless that period is—
   (A) extended as provided by this subsection, after notice and a hearing; or
   (B) the court, for cause, orders otherwise;
(2)   the plan and a disclosure statement (if any shall be filed not later than 300 days after the date of the order for relief; and
(3) the time periods specified in paragraphs (1) and (2), and the time fixed in section 1129(e) within which the plan shall be confirmed, may be extended only if-
   (A) the debtor, after providing notice to parties (including the United States Trustee), demonstrates by a preponderance of evidence that it is more likely than not that the court will confirm a plan within in a reasonable amount of time;
   (B) a new deadline is imposed at the time the extension is granted; and
   (C) the order extending the time is signed before the existing deadline has expired. 11 U.S.C. § 1121(e)(3).

This section establishes mechanisms for small business debtors to comply with the intent of Congress to provide an expedited, supervised procedure in which the rights of all parties in interest

are protected throughout the reorganization process. Congress intended that bankruptcy courts be more active in "judicial oversight of small business bankruptcy cases, which often are the least likely to reorganize successfully." H. COMM. ON THE JUDICIARY, BANKRUPTCY ABUSE PREVENTION AND CONSUMER PROTECTION ACT OF 2005, H. Rep. No. 109-31, pt. 1, at 92 (2005), U.S.Code Cong. & Admin.News 2005, p. 88 (the "Report"), cited by In re Darby General Contracting, 410 BR 136. (August 2009).

In fact, small business cases' "judicial oversight" is not necessarily a burden reserved solely for the Court's advisements; Congress imposed duties on the UST's office to review and monitor diligently the debtor's activities to determine as promptly as possible whether the debtor will be unable to confirm a plan; and promptly apply to the court for relief in any case in which the United States Trustee finds material grounds for dismissal or conversion of the case. 28 USC § 586(A).

The expedited nature of the confirmation process pursuant to 11 USC § 1129(e) is a clear example of Congress' attempt to keep small business cases on a short leash. For example, in this District, small business debtors find their disclosure statements conditionally approved upon filing, the Court immediately authorizes debtor to send out ballots and a confirmation hearing is promptly scheduled within the 45 day deadline under 11 USC § 1129(e). Also, by statute, small business debtors are the only party afforded 180-days to file a plan, a larger exclusivity period than their counterparts in a regular Chapter 11 proceeding.

These benefits are not free of other requirements; the plan and disclosure statement "shall be filed not later than 300 days after the date of the order for relief." 11 USC § 1121(e)(2). Prior to the Bankruptcy Abuse Prevention and Consumer Protection act of 2005 ("BAPCPA")1, the filing

---

1 Pub. L. No. 109-8, 119 Stat. 23 (2005)

5

deadline was set at 160 days and the request to extend was subject to it being made within the period under a lesser burden of proof standard. Now, debtors are also required to request the extension within the statutory 300 day term, provide notice to all parties in interest and demonstrate by a preponderance of evidence that it is more likely than not that the court will confirm a plan within in a reasonable amount of time. Once debtors comply, the Court is called upon to establish the new deadline at the time the extension is granted and enter the order extending the time before the existing deadline has expired. 11 U.S.C. § 1121(e)(3).

The 300-day term and the mechanisms to extend it are clear evidence that Congress intended to actively supervise small business proceedings by placing different burdens on debtors, the UST and court itself to manage these cases in an expedited manner.

There are no provisions in BAPCPA that define the consequences if neither the debtor nor any other party meets these filing deadlines. However, it has been established that "cause" would exist for conversion or dismissal of the case under 11 U.S.C. § 1112(b)(4)(J) on the ground of failure to file or confirm a plan within any time fixed statute or by the court. In re Western Steel & Metals, Inc., 200 B.R. 873 (1996). If no party files a plan within the specified or extended time, then no relief is available to the debtor in Chapter 11.  Collier on Bankruptcy ¶ 1121.07[4] (Alan N. Resnick & Henry J. Sommers eds., 16th ed.)

In the captioned case, the small business Debtors failed to file their plan or extend the 300 day term in accordance with 11 U.S.C. § 1121(e)(3). Therefore, upon expiration of the term, the Court entered the above mentioned order on March 3, 2010. Debtors' arguments on reconsideration of this order are three-fold. First, Debtors argue that 11 USC § 1121(a) provides for debtor to file a plan "at any time in a voluntary case" and that the 300-day term is related to the exclusivity period

6

on filing the plan. We agree with Debtors that section 1121(a) provides for a regular Chapter 11 debtor to file the plan at any time. However, a small business debtor shall abide by the terms of 11 USC § 1121(e). The 300 day term is not the exclusivity period, it is an imperative term to file a plan, and non-compliance creates a "drop-dead" effect that ultimately warps debtor's reorganizational efforts.

Second, Debtors argue that the term "shall" may be construed as merely permissive or directory (as equivalent to "may"). We disagree. The Black's Law Dictionary defines the term "shall" as one with a mandatory sense that drafters typically intend and that courts typically uphold. Black's Law Dictionary (8th ed. 2004). Here, the statutory term "shall" is a command, imperative and consonant with Congress' legislative intent. Debtors' contention is without merit.

Debtors third and final argument is that the Court has discretion to interpret 11 USC § 1121(e)(2) in light of the recently decided First Circuit Court of Appeals case of In re Acosta-Rivera, 557 F.3d 8 (1st Cir. 2009).  In the *Acosta* case, the First Circuit pointed out that  11 U.S.C. § 521(a)(1)(B), provides that the debtor "'shall . . . file'" the required disclosures "unless the court orders otherwise." The court found that because the Bankruptcy Court had the flexibility to waive non-disclosure before the passage of BAPCPA and considering that BAPCPA did not expressly curtail that power, the Bankruptcy Court can use its discretion to excuse detailed disclosure and determine when such information becomes "irrelevant or extraneous." The Court of Appeals noted that a grant of judicial power to "order otherwise" predated BAPCPA, and when Congress updated section 521, it left that language intact. BAPCPA allows courts to do the sifting between information that is required and information that is not without rigid adherence to the 45-day deadline. In re Acosta, supra.

7

The case at hand is clearly distinguishable from the First Circuit's Acosta decision inasmuch as the statute in controversy does not provide for the court to "order otherwise." As opposed to 11 U.S.C. § 521(a)(1)(B), here the Court lacks discretion in its interpretation of 11 U.S.C. § 1121(e)(2).

Congress provided for small business debtors to file their plan within the 300 day "drop dead" term or to extend said term. The inclusion of the term "shall" is considered mandatory and imperative, hence inconsistent with the idea of discretion. This Court finds that there is no judicial discretion to interpret the statute any other way. Debtors' failure to comply with the 300 day "drop dead" term affords them no relief under Chapter 11. Debtors' motion for reconsideration lacks any statutory authority or credible case law in its support, therefore, it is hereby DENIED.

### DISMISSAL REQUEST UNDER 11 U.S.C. § 1112(b)(1) and (b)(4)(J)

The UST filed a Motion to Dismiss pursuant to 11 U.S.C. § 1112(b)(1) and (b)(4)(J), therein requesting dismissal of the case for Debtors' failure to comply with the filing of a plan within the time fixed by the Bankruptcy Code and stated that dismissal rather than conversion is in the best interest of the creditors in this case [Dkt. No. 150].

Section 1112(b)(1) of the bankruptcy code states that

"…on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause."

Under said section, dismissal is mandatory upon a showing of cause. Section 1112 does not define the term "cause," rather, the section simply enumerates examples of cause, any one of which may be sufficient to justify the conversion or dismissal of the case. Section 1112 (b)(4)(J) establishes cause as failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by

8

this title or by order of the court.

In this case, the debtor did not file a plan within the statutorily set time period under section 1121(e)(2); Debtors' failure constitutes "cause" under section 1112(b) & (b)(4)(J). The court incorporates herein by reference the arguments made by the UST as to why dismissal of the case is in the best interest of creditors rather than conversion. Accordingly, and absent unusual circumstances that would establish that dismissal is not in the best interest of creditors or the estate, the United States Trustee's Motion to Dismiss Pursuant to 11 U.S.C. § 1112(b)(1) & (b)(4)(J) [Dkt. No. 150] is hereby GRANTED. This case is hereby DISMISSED.

IT IS SO ORDERED.

San Juan, this 03 day of May, 2010.

**Brian K. Tester**
**U.S. Bankruptcy Judge**

**CC:    All creditors**

9